Coven, J.
This is a Dist./Mun. Cts. RAD. A, Rule 8C appeal by the defendant following the trial court’s judgment for the plaintiff on her claim for the defendant-attorney’s breach of fiduciary duty in failing to execute a will.
The plaintiff was appointed Successor Conservator of the estate of Wesley Thompson (‘Thompson”), a retired professional engineer residing in an assisted *214 living facility. In May, 1987, the plaintiff retained the defendant to represent her in her capacity as Successor Conservator.
In November, 1987, the defendant received a handwritten note from Thompson requesting a meeting. At that meeting, the parties discussed the drafting of a new will for Thompson. After the meeting, the defendant sent a letter to Thompson requesting information relative to the contents of the new will, including the name(s) of beneficiaries. The plaintiff typed a letter, which Thompson signed, asking the defendant to draft a will naming the plaintiff as both the sole beneficiary and executrix of Thompson’s estate.
The defendant drafted the new will naming the plaintiff as sole beneficiary in early 1988. The will, however, was never executed by Thompson. On December 6, 1988, Mr. Thompson died. On the same day, within hours of Thompson’s death, the plaintiff appeared at the defendant’s office. The defendant revealed that the new will had never been executed. He further informed the plaintiff that she had a cause of action against him for failing to obtain the will’s execution, but asked her not to take any action against him. No action was filed. The plaintiff continued to utilize the defendant’s services until September, 1993 to collect her fees as Successor Conservator of the estate.
The plaintiff filed this action on September 28, 1994 to recover for the defendant’s alleged legal malpractice, infliction of emotional distress, breach of fiduciary duty and violation of G.L.c. 93A. Prior to trial, the defendant filed a motion to dismiss pursuant to the three year statute of limitations set forth in G.L.c. 260, §4. No action was ever taken on that motion. After trial, the judge dismissed the plaintiff’s malpractice claim, entered judgment for the defendant on the infliction of emotional distress claim, and entered judgment for the plaintiff in the amount of $32,000.00 on the count for breach of fiduciary duty “assuming this is a count for negligence.” No action was taken on the G.L.c. 93A claim.
1. Pursuant to G.L.c. 260, §4, actions in either “contract or tort for malpractice, error or mistake against attorneys” must be commenced within three years after the cause of action accrues.[1] The statute of limitations does not begin to run on such a claim against an attorney until the plaintiff knows or reasonably should know that he or she has been harmed by the defendant attorney’s conduct. Williams v. Ely, 423 Mass. 467, 473 (1996); Riley v. Presnell, 409 Mass. 239, 243 (1991); Franklin v. Albert, 381 Mass. 611, 618 (1980). It is unnecessary for the plaintiff to know the extent of the injury or that the defendant was negligent for the cause of action to accrue. Williams v. Ely, supra at 473; Bowen v. Eli Lilly & Co., 408 Mass. 204, 206-208 (1990); Olsen v. Bell Tel. Laboratories, Inc., 388 Mass. 171, 175 (1983). “Once a client or former client knows or reasonably should know that he or she has sustained appreciable harm as a result of the lawyer’s conduct, the statute of limitations will start to run.” Williams v. Ely, supra at 473. See also, Bowen v. Eli Lilly & Co., supra at 206-207; Massachusetts Elec. Co. v. Fletcher, Tilton & Whipple, P.C., 394 Mass. 265, 268 (1985).
It is undisputed in the instant case that on December 6,1988, the day of Thompson’s death, the plaintiff learned that she was not the sole beneficiary of Thompson’s estate and that the defendant had failed to obtain the execution of the new will which had named her as sole beneficiary. Clearly, this information was alone sufficient to put the plaintiff on notice that she had been substantially harmed by *215 the defendant’s omissions. Bowen v. Eli Lilly & Co., supra at 207. Further, the plaintiff was also directly and clearly informed by the defendant himself that she had a cause of action against him. 11105 it is evident that the plaintiffs cause of action accrued on December 6,1988, and that this suit which was commenced almost six years later on September 28,1994 was barred by the three year limitations period of G.L.C. 260, §4.
2. The plaintiff contends that this action is not barred by the statute of limitations because of the doctrine of continuing representation. Such doctrine tolls the statute of limitations in legal malpractice actions while the defendant attorney “continues to represent the plaintiffs interest in the matter in question.” Spilios v. Cohen, 38 Mass. App. Ct. 338, 341 (1995). See also Murphy v. Smith, 411 Mass. 133, 137 (1991). The doctrine
recognizes that a person seeking professional assistance has a right to repose confidence in the professional’s ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered. [Citation omitted]. It is not realistic to say that the client’s right of action accrued before he terminated the relationship with the attorney.

Id.

The continuing representation doctrine is inapplicable, however, where the “innocent reliance which... the doctrine seeks to protect is not raised by the facts.” Spilios v. Cohen, supra at 341. The plaintiff herein was aware as of December 6, 1988 that she had been harmed by the defendant’s failure to arrange for the execution of the will which would have made her the sole beneficiary of Thompson’s estate. She continued to employ the defendant’s services after that date with full knowledge of her cause of action against him rather than because of any “innocent reliance” on his professional abilities. Moreover, the plaintiff had retained the defendant in May, 1988 to represent her solely in her capacity as Successor Conservator of Thompson’s estate. She utilized his legal services after Thompson’s death only to collect her fees as Successive Conservator. Thus the defendant did not continue to represent the plaintiff “in the matter in interest” in this lawsuit; namely, the unexecuted will and the plaintiff’s interest as a beneficiary thereof. The plaintiff cannot, therefore, invoke the continuing representation doctrine to avoid the G.L.c. 260, §4 bar to this action.
Accordingly, as the defendant’s motion to dismiss on the grounds of the statute of limitations should have been allowed,[2] the trial court’s judgment for the plaintiff is vacated and judgment in favor of the defendant is to be entered.
So ordered.

 The plaintiff mistakenly argues that the G.L.c. 260, §2 six year statute of limitations is instead applicable because her claim is that of a third-party beneficiary under the contract between the defendant and Thompson for the preparation and execution of a will. In entering judgment for the plaintiff on Count III of her complaint only, the trial judge expressly treated the plaintiff’s claim for breach of fiduciary duty as one in tort for negligence and not in contract.

 It is thus unnecessary to address at length the plaintiff’s theory of recovery in negligence. It is sufficient to note that the question of whether an attorney, retained to draft a will, owes a duty of reasonable care to the intended beneficiaries of a competent testator has not been decided in this Commonwealth. See Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 460-461 (1997) (evidence insufficient to show testator’s intent not executed); Symmons v. O’Keefe, 419 Mass. 288, 301 (1995) (same); Logotheti v. Gordon, 414 Mass. 308, 311 (1993) (claim of beneficiary of former will).