Greco, J.
This is an action against the plaintiffs ex-husband to recover an unpaid balance allegedly owed on a promissory note he executed in her favor prior to their divorce. Summary judgment was entered in favor of the defendant, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The plaintiffs complaint alleges that in 1985, while the parties were still married, the defendant signed a demand note in the amount of $6,000.00, with interest at eleven (11%) percent per annum; that she made a demand for payment in December of 1998, after their divorce; and that the defendant has failed to make any payments and now owes a balance of $14,937.50. Three months after this case was filed in the Lynn District Court (having originally been filed in the Gloucester District Court), the defendant filed a motion for summary judgment. In addition to questioning whether he ever signed the note, the defendant’s supporting affidavit indicated that the parties were divorced in 1987; that in conjunction with the divorce, they entered into a separation agreement which was “incorporated but not merged into the Judgment [of Divorce Nisi];” and that the agreement provided, inter alia, that “the parties released and forever discharged each other” from any obligations or claims they had against one another. In addition to summary judgment, the defendant sought attorney’s fees pursuant to G.L.c. 231, §6F.
The plaintiff did not file an affidavit or any other materials in opposition to the defendanf s motion prior to the October 29,1999 hearing. Instead, she appeared at the hearing pro se (her former attorney having withdrawn from the case), and moved to continue the summary judgment motion indefinitely on the grounds that she needed more time 1) to familiarize herself with court procedures, 2) to “[s]tart and complete [djiscovery,” and 3) to “document and prepare the evidence to support the [p]leadings.” When the motion judge inquired about her position on the separation agreement, she stated that she intended to prove “that the whole ... agreement [was] fraudulent.” Based on the separation agreement, the judge allowed the defendant’s summary judgment motion, but suggested that the plaintiff go back to the Probate Court if she wished to attack the agreement’s validity. The judge ordered that his summary judgment ruling would become final on February 4, 2000 unless the plaintiff obtained a Probate Court order vacating the agreement by that date.
During the ensuing three month period, the plaintiff filed a lengthy affidavit in the Lynn District Court which purported to show that her ex-husband had misrepresented his assets in the divorce proceedings. At the second hearing on February 4, 2000, the plaintiff informed the motion judge that the Probate Court *234 had taken no further action, and the judge declined to consider the plaintiffs new affidavit and supporting materials. The allowance of the defendant’s Mass. R. Civ. P., Rule 56, motion became final, and judgment was entered on February 9, 2000.
1. As the moving party, the defendant was “entitled to summary judgment if he demonstrate [d], by reference to material described in Mass. R. Civ. P. 56(c), unmet by countervailing materials, that ... [the plaintiff] ha[d] no reasonable expectation of proving an essential element of [her] case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The defendant’s affidavit showed that the plaintiff had no such “reasonable expectation.” She would have been unable to establish at trial that the defendant was obligated on the 1985 promissory note because their separation agreement had discharged him of that obligation. See Zlotnick v. McNamara, 301 Mass. 224, 226 (1938); Lipson v. Adelson, 17 Mass. App. Ct. 90, 95 (1983). See also Bercume v. Bercume, 428 Mass. 635, 641 (1999) (“Ifa [separation] agreement survives a judgment or decree [of divorce],... the rights and duties it establishes are enforceable at law by the parties without regard to the judgment.”).
The defendant’s Rule 56 burden having been met, the plaintiff could not “simply rest” on her complaint or on the “bald assertions of the existence of triable facts” which she made at the first motion hearing on October 29, 1999. Hendry v. Broadway Foods, Inc., 1998 Mass. App. Div. 37, 38, citing Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 397 (1994). At that hearing, the plaintiff failed to submit any Rule 56 materials setting forth specific facts which demonstrated that there were material questions of fact warranting a trial. Nor did the plaintiff file a Rule 56(f) affidavit in support of her request for a continuance, see Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 458-459 (1997), and it was within the motion judge’s discretion to deny that request. Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 307 (1991). Accordingly, there was no error in the allowance of the defendant’s summary judgment motion on October 29,1999.
In these circumstances, we need not reach the questions whether the plaintiff could have satisfied her Rule 56 burden if she had submitted evidence that she had been fraudulently induced to enter into the separation agreement, or whether it would have been necessary for the Probate Court to invalidate the agreement before suit could have been brought on the note. Despite his denial of the plaintiffs request for additional time to file affidavits or conduct discovery, the motion judge delayed the entry of a final order for summary judgment, thereby affording the plaintiff a second opportunity to defeat the defendant’s Rule 56 motion. If the plaintiff had succeeded in the Probate Court, she would have deprived the defendant of his only defense based on the separation agreement, and would have thus prevented him from satisfying his burden under Kourouvacilis. When she failed to do so, the judge entered the summary judgment order which had been required by the materials before the court on October 29, 1999. The judge was under no obligation to consider any materials filed after its initial summary judgment order and in anticipation of the second hearing.
2. The defendant has requested that this Division award him attorneys fees on the grounds that the complaint was frivolous, and the separation agreement obligated a breaching party “to pay reasonable counsel fees incurred in prosecuting or defending any action resulting from such breach.” As to the first ground, the authority found in G.L.c. 231,- §6F for the award of attorney’s fees where claims are “wholly insubstantial, frivolous and not advanced in good faith” has not been extended to-the district courts. G.L.c. 231, §6E. See Nissenbaum v. McGovern, 1995 Mass. App. Div. 153, 154. Rule 11(a) of the Mass. R. Civ. P. would also be inapplica *235 ble. As to the second ground, the defendant did not file a counterclaim seeking damages for beach of the separation agreement. There is thus no vehicle by which to award attorney’s fees pursuant to that agreement.
The trial court’s entry of summary judgment for the defendant is affirmed. The plaintiff’s appeal is dismissed.
So ordered.