Horgan, J.
The plaintiffs complaint seeks repayment on five promissory notes (federal Perkins loans), signed and executed by the defendant on various dates during 1989. The defendant, who has proceeded Jiro se before both the trial court *29 and this division, assigns error in the trial judge’s denial of her motion for a continuance at the assessment of damages hearing held in this matter. The defendant also challenges the denial other motion to recuse the trial judge. We affirm.
The relevant docket entries disclose that default judgment was entered against the defendant in the amount of $11,972.01 on October 26,1998, pursuant to Mass. R. Civ. R, Rule 55(b) (3). A motion to remove default was filed by the defendant on December 17,1998 which was allowed by the court as to damages only; the court granted the plaintiff leave to proceed with an assessment of damages. After notice was given, both parties appeared at an assessment hearing on March 24, 1999. Hie defendant filed a pleading at the hearing entitled, “Motion for Continuance and Motion to Apply Disability Act” which we reproduce in the margin.[1] The defendant then filed a motion to recuse the trial judge which was also denied. Thereafter, the assessment of damages hearing took place and the judge awarded the plaintiff $10,886.27.
“Whether a case shall he continued or proceed to trial is within the sound discretion of the judge.” Beninati v. Beninati, 18 Mass. App. Ct. 529, 534 (1984). “The party claiming abuse of discretion has the burden of demonstrating that no conscientious judge acting intelligently with full knowledge of the circumstances would have denied the motions.” Barrett v. Pereira, 1997 Mass. App. Div. 45, and cases cited.
As noted above, the defendant has proceeded without counsel. While any litigant has the right of self-representation, that right “is not a license to not comply with relevant rules of procedural and substantive law.” International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983). Review of the defendant’s Motion for Continuance and Motion for Disability Act submitted to the judge at the assessment hearing discloses no basis upon which the judge would have been warranted in granting a continuance of the assessment hearing.[2] Clearly, there was no abuse of discretion.
Similarly, we find no merit in the defendant’s contention that the judge abused *30 her discretion in denying the motion to recuse herself. The defendant's contention here is that the judge was obliged to recuse herself because she had denied the aforementioned motion to continue. Accordingly, the judgment for the plaintiff is affirmed and the appeal of the defendant is dismissed.[3]

 The motion states (verbatim): “Now come the Defendant and moves this Court to continue March 24,1999 the scheduled hearing until this Court will hold the special hearing whether the Plaintiff violated the Defendant’s RIGHTS under Disability Act (ADA). The RIGHTS under ADA protect against disability discrimination, and therefore there is exist challenging issue whether the Plaintiff failed reasonably accommodate under the above ACT request to negotiate from March 18,1997. Specifically, after Senator Kerry wrote the letter to the University Collecting Manager Theodore Hilli, but who in turn according to the letter of March 25, 1997 turn the file to the Daniels Law Firm a private collecting firm. Also, whether the sought sum by the Plaintiff was not properly collected and gross uncovered discrepancy affected consumer rights of Defendant under ADA WHEREFORE, the special hearing is necessary to determine to what extent the Plaintiff severely violated Defendant’s rights together with the named as third party defendant the U.S. Department of Labor.”

 On this appeal, the defendants brief states that she had a conflicting medical appointment with an orthopedic physician, Dr. Allan Peljovich, on the day the assessment hearing was scheduled. We gather from the defendant’s various arguments that her essential grievance is that the trial judge refused to grant a continuance of the assessment hearing on the basis of the conflicting appointment. The defendant submitted a letter from Dr. Peljovich’s office which explained that she missed her March 24th appointment and that “a return appointment was made for her to be seen... on March 31,1999.” We find that the rescheduling of that appointment for a week after the assessment hearing belies any claim of urgency regarding the necessity of a continuance.

 The defendant raises two other issues on appeal, neither of which are properly before us. The first relates to an unspecified statute of limitations defense. We consider this issue waived as it was not raised in the proceedings below. See Massachusetts Broken Stone Co. v. Town of Weston, 45 Mass. App. Ct. 748, 755 (1998). The second issue relates to the denial of the defendant's motion for a waiver of additional fees to cover the costs of audiotape recordings and transcripts of the aforementioned assessment hearing. Review of a denial of waiver of fees and costs as provided in G.Lc. 261, §§27A-G would be directed to Superior Court See G.L.c. 261, §27D.