Merrick, J.
The defendant, Jack Entis (“Entis”), has been a tenant in Unit 506 at 1600 Beacon Street in Brookline for 11 years. On February 13, 2006, the plaintiff, Beaconview Investments, LLC (“Beaconview”), the owner of the building, served a notice of condominium conversion on Entis. Pursuant to St. 1983, c. 527, §4(a), the notice gave Entis as an “elderly” person, then 81 years of age, two years to vacate the premises. When Entis did not vacate within two years, Beaconview obtained a judgment for possession in this summary process action. Entis appealed.
Through three real estate brokers, Beaconview arranged appointments for Entis to view numerous apartments to find a “comparable” one as required by the condominium conversion statute, St. 1983, c. 527, §4, which we discuss below. At first, Entis would not look at apartments at all, and ultimately did so only because his lawyer told him he must. Entis lives alone. The apartments he was shown, like his present apartment, all had two bedrooms. They were all in Brookline with similar or greater square footage. Rents for the proposed apartments were the same or less than he was paying, except for one that was more and for which Beaconview offered to contribute $10,000.00. The apartments shown had either two bathrooms, like Entis’ present unit, or one and a half bathrooms, which he said was inadequate because he frequently had a weekend guest. The apartments all had parking, some underground, as he has now. Entis would not accept attached covered parking as “comparable.” He would not accept any building with only one elevator. Although Entis testified that he always drove and never used public transportation, he also refused to accept any apartment located a quarter of a mile or more from the MBTA Green Line, claiming he thought he might need to take public transportation as he got older. Entis also protested that an identical rental unit in a condominium building would not be “comparable.”
l.Section 4 of St. 1983, c. 527 “provides certain protections to tenants occupying apartments in buildings which are either undergoing condominium conversion, or are converted but as yet unsold as condominiums.... Such tenants are afforded protections, including notice rights, preeviction lease extensions, first refusal purchas *111 ing rights, and relocation assistance.”[1] Greater Boston Real Estate Bd. v. Boston, 428 Mass. 797, 798 (1999). The statute requires the owner of a condominium under conversion to assist elderly tenants in locating “comparable rental housing” within the municipality for equal or less rent. St. 1983, c. 527, §4(d), as amended by St. 1989, c. 709, §16. The statute further provides that the failure of the owner to “find such substitute housing” entitles the tenant to up to two years of continued occupancy. Id.
The evidence amply supported the trial judge’s detailed findings that Beaconview had identified not one, but at least six, “comparable” apartments, and that the defendant’s protestations of the inadequacy of those units were “not credible.”
Borrowing from those cases defining “comparable” in the field of equal pay litigation, Entis concedes that “comparable” does not mean “identical,” but that the items to be compared have “important common characteristics.” Jancey v. School Comm. of Everett, 421 Mass. 482, 489 (1995). Yet the essential thrust of Entis’ argument on this appeal is that the other apartments shown to him were not identical to his present unit.
2. Entis also contends on this appeal that we should apply the definition of “comparable replacement dwelling” set forth in a Federal statute and regulations dealing with persons displaced by federally assisted construction projects. See 42 U.S.C. §4601; 49 C.ER §24.2. That argument fails for two reasons. First, the Federal statute and regulations deal with a wholly different subject matter — interference with residency by a publicly funded project, not a disposition of private property. Second, the application of the Federal regulations, prolix as is their wont, would have needlessly complicated, but not changed, the trial judge’s decision here.[2] The reason is that the regulations define “comparable” as “functionally equivalent.” 49 C.ER. §24.2.
3. The absence of any serious argument of law in Entis’ appeal suggests to us that it was brought for the same reason as his lack of cooperation, as found by the trial judge, in locating comparable housing — delay. Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 25, this Appellate Division is authorized to award double costs or other sanctions for any appeal that is frivolous. The rationale for the imposition of sanctions is obvious. “A frivolous appeal imposes entirely needless economic burdens not only *112 upon the party forced to defend it, but upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals.” Handman v. Spector, 1996 Mass. App. Div. 185, 187. The calculated frivolousness of this appeal is all the more offensive because it has cynically achieved the delay that was its undoubted purpose.
Judgment affirmed. Appeal dismissed, with double costs of the appeal, exclusive of attorney’s fees, awarded to the plaintiff.
So ordered.

 Section 4(d) of St. 1983, c. 527, as amended by St. 1989, c. 709, §16, provides: “(d) Any owner of a condominium or cooperative unit during the period of the notice authorized by this section shall assist elderly, handicapped and low or moderate income tenants who qualified as such as of the date of receipt of the notice authorized pursuant to this section locating, within the period of the notice to such tenants, comparable rental housing within the same city or town in which such tenants resides which rents for at least the remainder of the notice period, for a sum which is equal to or less than the sum which such tenant had been paying for the housing accommodation occupied at the time of receipt of the notice authorized by this section. The failure of the owner of such residential property to find such substitute housing accommodation shall extend the period of notice until the owner locates such comparable rental, housing, or two additional years, whichever occurs first.”

 Entis never presented this argument, based on the Federal statute and regulations, in the trial court. Generally, issues or arguments raised for the first time on appeal will not be considered. M.H. Gordon & Son, Inc. v. Alcoholic Beverages Control Comm'n, 386 Mass. 64, 67 (1982).