Gardner, J.
Plaintiff Holyoke Medical Center, Inc. (“Holyoke”) brought this action for breach of a commercial lease to recover unpaid rent owed by defendant Mani George, M.D. (“George”). Summary judgment was entered for Holyoke, and George filed this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal.
*31 On July 24, 2004, George signed a two-year lease of medical office space owned by Holyoke. The rent was $750.00 per month. Holyoke alleged that George failed to make 10 of the 24 monthly rental payments required by the lease. After George did not respond to its demand for payment, Holyoke commenced this suit on September 20, 2007.
George answered by way of a general denial, boilerplate or irrelevant affirmative defenses,[3] and vague and conclusory counterclaims.[4] The trial court dismissed George’s counterclaims without prejudice upon its allowance of Holyoke’s Mass. R. Civ. R, Rule 12(b) (6) motion.
The deadline for all discovery was September 19, 2008. On that date, Holyoke filed a Mass. R. Civ. P., Rule 56 motion for summary judgment, supported by the affidavit of its vice president for support services, Kathleen M. Buckley (“Buckley”). Buckley averred on the basis of her personal knowledge that George had defaulted on his rent payments and owed Holyoke a total balance of $8,635.00. George failed to submit a counter affidavit or any other evidence in opposition. Instead, he argued in a memorandum that no documentation of Holyoke’s claim had been advanced, and that his discovery efforts had been thwarted by Holyoke.
At the October 14, 2008 Rule 56 motion hearing, George admitted both that he had executed the parties’ lease and that he had failed to pay all of the rent due under that contract. He argued, however, that he needed additional discovery to ascertain the full amount of his own rent payments and the corresponding balance he owed to Holyoke. George claimed that he could not access his personal payment records, or obtain copies of his canceled checks and account statements from his own bank, and wanted Holyoke’s accountant to review and prepare a statement of George’s rent payment history;[5] and that Holyoke had failed to respond to his discovery requests seeking that information. Conversely, Holyoke argued that George had already propounded interrogatories and requests for admissions, and had received Holyoke’s responses to the same; and that George had limited his discovery to his dismissed counterclaims rather than to any defense to Holyoke’s rent claim. Holyoke further noted that George had suspended his own deposition of Buckley after Holyoke’s counsel objected to George’s preliminary questions.
The court granted George additional time to substantiate his claims by filing copies of any actual discovery requests he had made in which he had specifically sought rent payment information. George filed only: (1) a copy of an undated form “Subpoena Duces Tecum - Notice for Taking of Deposition under M.R.C.P. 30,” ini- *32 daily scheduling Buckley’s deposition for September 17, 2008,[6] and requesting the production of “all documents, all electronically stored information and all tangible things related to your complaint and all documents previously requested”; and (2) a prior September 4, 2008 letter to Holyoke’s counsel requesting “again that Holyoke Medical Center release all requested data so I may prove my affirmative defense that Holyoke Medical Center was acting under bad faith, violating UCC rules governing business leases.”[7] Holyoke filed copies of George’s interrogatories and requests for admissions, and Holyoke’s responses. The interrogatories and requests sought information related solely to George’s theory that Holyoke had conspired with other doctors to take George’s patients and to seize their medical records. None of George’s interrogatories or requests pertained to rent payments or balances.
The trial court allowed Holyoke’s Rule 56 motion on October 23, 2008, and summary judgment in favor of Holyoke in the amount of $7,600.00, plus prejudgment interest of $1,014.44 and costs of $268.12, was entered on October 30, 2008.
1. We note at the outset that the Rule 8C appendix prepared and filed by George omits almost all of the documents required for appellate review in this case. While George alleges error in the trial court’s entry of summary judgment for Holyoke, George has failed to include in the appendix the summary judgment motion itself, Buckley’s supporting affidavit, George’s opposition memorandum, the pleadings, and discovery requests and responses. George has failed, therefore, to meet his obligation, as appellant, to prepare and file an appendix that constitutes “an accurate and complete trial [court] record upon which the issues presented on appeal may be satisfactorily reviewed.” Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68. See Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992); Cameron v. Gareth, 39 Mass. App. Ct. 81, 84 (1995). Pro se parties are “bound by the same rules of procedure as litigants with counsel,” Kellerman v. Kellerman, 390 Mass. 1007, *33 1008 (1984), quoting International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983), and George’s pro se status did not relieve him of his duty to submit an adequate record on appeal that complied with Rules 18 and 20. As an appellant cannot satisfy his burden of establishing trial court error on the basis of a record that omits the trial court evidence and rulings at issue, Revere Hous. Auth. v. Chouchos, 2008 Mass. App. Div. 163, 164; Siegel v. Kepa Homes Corp., 2000 Mass. App. Div. 170, 173, a dismissal of George’s appeal would be warranted on that basis alone.
2. In any event, our review of the documents on file in this case, Rule 18(b), reveals that there is no merit in George’s arguments on this appeal.
First, George’s failure to file a Rule 56(f) affidavit was “fatal” to his request to postpone summary judgment to pursue further discovery. Mitchell v. TAC Tech. Servs., Inc., 50 Mass. App. Ct. 90, 93 (2000); Brick Constr. Corp. v. CEI Dev. Corp., 46 Mass. App. Ct. 837, 840 (1999). In the absence of a Rule 56(f) affidavit, there was nothing before the motion judge to substantiate George’s claims that he could not access his personal rent payment and bank records that he had kept at home because of some conspiracy involving his wife, and that his bank would be unreceptive to any request by him to obtain copies of his account statements or canceled checks because he was involved with the bank in some federal litigation. More significantly, there was no Rule 56(f) support for George’s claim that Holyoke refused to respond to his discovery requests. In short, given the absence of a Rule 56(0 affidavit, there was no abuse of discretion in the motion judge’s denial of George’s request to defer summary judgment to reopen discovery. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 401 (2003).
3. As George had breached the parties’ lease more than two years before the summary judgment hearing, and had been involved in proceedings in this case for more than a year, he had enjoyed ample opportunity to obtain any needed discovery about his own rent payments. Despite his contentions at the Rule 56 motion hearing, it is clear that George never made any specific discovery request to Holyoke for rent payment records. While form language in his subpoena to Buckley sought her production of records at the first deposition, that deposition was rescheduled. Nothing in the record suggests that George issued a subpoena for the October 1, 2008 deposition. As noted, George suspended that deposition almost at the outset, before whatever records he was seeking could even be identified. Further, his letter to Holyoke’s counsel indicates that the only records George had requested pertained to his theories about Holyoke’s directors, and their interaction with other doctors. In short, there was no error in the court’s decision to proceed to rule on Holyoke’s summary judgment motion.
4. Viewing the parties’ materials in the light most favorable to George, it must be concluded that Holyoke’s summary judgment motion and Buckley’s supporting affidavit were sufficient to satisfy Holyoke’s initial burden, Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982), of establishing that it was entitled as a matter of law to summary judgment in its favor. The burden then shifted to George to advance specific facts demonstrating the existence of a genuine and material triable issue. Baker v. Monga, 32 Mass. App. Ct. 450, 453 (1992); Isaacson v. Isaacson, 2000 Mass. App. Div. 233, 234. As noted, George failed to submit even his own affidavit, much less any other evidence, to rebut or contest Holyoke’s rent claim. George argues on this appeal only that a triable issue as to the amount of his unpaid rent is apparent based *34 on the discrepancies in the rent balances set forth in Holyoke’s complaint, Buckley’s affidavit, the summary judgment motion, and a document produced at the motion hearing.[8] We disagree. The balances in the complaint and affidavit included interest calculated as of the times those documents were filed. The lower amount sought in the Rule 56 motion and in oral argument at the hearing was the balance due based on the number of months George failed to pay rent and without interest included. The court awarded contract damages in that lesser amount.
Summary judgment for the plaintiff, Holyoke Medical Center, Inc., is affirmed.
So ordered.

 The latter included allegations of Holyoke’s “negligence” and comparative negligence in this contract action.

 George counterclaimed for an unidentified breach of contract, breach of an “oral express warranty,” and breach of an implied warranty, and further stated that he might have a 42 U.S.C. §1983 civil rights claim against Holyoke’s board of directors.

 While the scope of George’s permissible discovery would have included relevant, unprivileged records in Holyoke’s possession, George was obviously not entitled to demand an audit or accounting of Holyoke’s records.

 Holyoke obtained a protective order for Buckley who could not attend the September 17, 2008 deposition on the short notice provided by George. Her deposition was rescheduled for October 1, 2008, begun on that date, and terminated by George. While George thereafter, on October 3, 2008, filed a motion to compel Buckley to appear for another deposition, that motion was never marked for hearing. Nor did George argue, or even reference, the motion at the summary judgment hearing on October 14, 2008.

 George did not present any Uniform Commercial Code arguments in his summary judgment opposition, or in his brief on this appeal, and his contention remains unclear. George does argue at length in his brief that Holyoke’s actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., but never raised in the trial court any issue under the Federal act, and cannot argue it for the first time on this appeal. Beaconview Invs., LLC v. Entis, 2009 Mass. App. Div. 110, 111 n.2; DeLima v. Gossels, 2009 Mass. App. Div. 4, 5. It may be noted in passing that the debt collection act applies only to debts “arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.” 15 U.S.C. §1692a(5). See Andrews v. South Coast Legal Servs., Inc., 582 F. Supp. 2d 82, 86-87 (D. Mass. 2008). George’s contract was a commercial lease for his medical offices, not a consumer transaction.

 The transcript reveals that Holyoke’s counsel submitted an unsigned statement of George’s rent account to the court. That statement has not been provided to this Division.