Welch, J.
The defendant, Thomas J. Fitzgerald (“Fitzgerald”), has appealed the trial court’s judgment against Fitzgerald on the plaintiffs’ G.L.c. 93A claim and its assessment of double damages and attorney’s fees in the total amount of $53,463.99. Fitzgerald asserts on appeal that no demand letter was entered into evidence and, therefore, that the trial judge erred in finding a violation of G.L.c. 93A.[2]
The dispute between Fitzgerald and the plaintiffs, Laura and Lawrence Piscatelli *56 (“Piscatellis”), arose from the construction of their home. The Piscatellis hired Fitzgerald to raze their existing home and build a new one. Dissatisfied with Fitzgerald’s work, the Piscatellis filed suit in the Quincy District Court on complaint counts for negligent construction, breach of contract, breach of warranty, and violations of G.L.c. 93A. In paragraph 27 of their complaint, the Piscatellis alleged that “on November 2, 2007, the plaintiffs caused a demand letter to be served upon each of the defendants pursuant to G.L.c. 93A §9.” In his answer, Fitzgerald admitted to the factual statement in paragraph 27 of the complaint.
On July 1,2009, the matter proceeded to a jury trial. The trial judge reserved the G.L.c. 93A complaint count to himself, and the jury trial went forward on the remaining three counts. The jury found for the Piscatellis and awarded damages against Fitzgerald in the amount of $15,795.00. On June 28, 2011, a further hearing by the trial judge was held on the remaining G.L.c. 93A count of the complaint. After hearing, the judge found in favor of the Piscatellis, and assessed damages in the amount of double the jury’s verdict, plus attorney’s fees in the amount of $14,700.00.[3]
The Massachusetts Consumer Protection Act, G.L.c. 93A, requires as a prerequisite to a private consumer action that a written demand for relief be made upon any business person or entity that allegedly violated the act. G.L.c. 93A, §9. See Spillios v. Cohen, 38 Mass. App. Ct. 338, 342 (1995) (“A demand letter is a condition precedent to commencing an action under G.L.C. 93A §9.”). The statute specifically provides that “[a]t least thirty days prior to the filing of... [an] action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.” G.L.c. 93A, §9. If no demand letter is sent or if the plaintiff does not allege and prove it was sent, an action by a consumer pursuant to §9 is barred. Spillios, supra.
Fitzgerald alleges that the Piscatellis failed to prove that a demand letter was sent in compliance with G.L.c. 93A, §9. There are two facets of this allegation: first, that a demand letter in accordance with G.L.c. 93A, §9 was not sent and, second, that no demand letter was entered into evidence for the court to consider. As to the first issue, Fitzgerald admitted in his answer to the complaint that the Piscatellis did in fact “cause to be served upon” him a demand letter “pursuant to M.G.L. 93A § 9.” While pleadings are not evidence in the trial of a civil action, the allegations contained in the pleadings bind the party making them. See G.L.c. *57 231, §87.[4] At no time did counsel for Fitzgerald move to amend the answer to correct the Fitzgerald’s significant admission of receipt of a demand letter. See Mass. R. Civ. R, Rule 15(a).[5]
In addition to Fitzgerald’s own admission, there are other indications in even the incomplete record before us that the Piscatellis served, and Fitzgerald received, a G.L.c. 93A, §9 demand letter. Immediately prior to the jury trial, counsel for the Piscatellis, with Fitzgerald’s attorney present, addressed the judge on the issue of the timing of the c. 93A portion of the trial and the submission of the c. 93A demand letter into evidence at that point. The discussion clearly concerned the mechanics of introducing the letter due to the severance of the c. 93A claim. Although not the most specific discussion, the intent of the court and the parties is clear that the demand letter would be admitted into evidence during the second part of the trial before the judge on the c. 93A claim. Fitzgerald raised no objection as to the existence of the demand letter or its submission in evidence at a later date. Indeed, Fitzgerald unequivocally states in his brief on this appeal that his counsel stated in a conference in chambers that he did not want the demand letter to go to the jury. Fitzgerald also concedes in his brief that the demand letter was given to the trial judge.
*58 Fitzgerald’s narrow argument on appeal, then, is that the letter was never formally introduced into evidence. Fitzgerald argues that no evidentiary foundation for the letter’s admission was laid at the bench trial of the c. 93A claim and, thus, that the letter was not in evidence. Fitzgerald conveniently ignores the obvious alternative possibility, namely, that no objection was made to the absence of any formal testimonial foundation for the submission into evidence of a demand letter that he had admitted to receiving and, apparently, to which he had even sent a response. But what actually transpired at the bench trial of the c. 93A claim cannot be determined on the basis of the record before us, a record that was prepared and filed by Fitzgerald as appellant. There is nothing upon which we can determine if, in fact, the demand letter was or was not properly admitted because Fitzgerald has not provided a transcript of the c. 93A bench trial.[6] Fitzgerald states in his brief, simply and without substantiation, that the c. 93A portion of the trial was “unrecorded.” If that were the case, however, Fitzgerald’s remedy was to prepare, serve, file, and obtain the trial judge’s approval of a Dist./Mun. Cts. R A. D. A., Rule 8C(e), “Statement of the Evidence or Proceedings... When the Transcript is Unavailable.” See Tavares v. Mashpee, 2009 Mass. App. Div. 227, 228-229. Such statement could have easily included, with the judge’s agreement and approval, what on this appeal remains nothing more than Fitzgerald’s unsubstantiated allegation, namely, that the demand letter was never properly introduced into evidence. It is elementary that it is the appellant who bears the burden on appeal of establishing the trial court error he has alleged. Holyoke Med. Ctr., Inc. v. George, 2011 Mass. App. Div. 30, 33; Wine v. Wu, 1996 Mass. App. Div. 157, 158-159. And an appellant “could not satisfy this legal burden of proving error on appeal... without fulfilling its procedural obligation as appellant to prepare and present a record containing all relevant material necessary for appellate review of the issue it raised.” Revere Hous. Auth. v. Chouchos, 2008 Mass. App. Div. 163, 164. In the absence of a transcript or a Rule 8C(e) statement of the c. 93A bench trial, Fitzgerald’s appeal is little more than an invitation simply to assume the existence of reversible legal error by a trial court without any proof in the record of the same. We decline that invitation.[7]
Judgment affirmed.
So ordered.

 Fitzgerald does not appeal the amount of the damages awarded, only the single issue of whether a G.L.c. 93A demand letter was proved at trial.

 Either by design or neglect, counsel for Fitzgerald failed to include in the record the transcript or a statement of the continued trial of the G.L.c. 93A claim. Thus, despite the fact that Fitzgerald’s entire appeal is based on his allegation of the Piscatellis’ failure to enter the G.L.c. 93A demand letter into evidence, Fitzgerald did not include in the record appendix a transcript or approved summary of the very hearing necessary to resolve that single appellate issue. Notwithstanding this failure, there is sufficient evidence in the record to conclude at least that a demand letter was properly sent by the Piscatellis. Moreover, as is indicated below, the consequences of omitting essential evidence and materials in the appellate record fall squarely on Fitzgerald as appellant.

 General Laws c. 231, §87 provides that “pleadings shall not be evidence on the trial, but the allegations therein shall bind the party malting them.” Pursuant to that statute, a party is bound only by his own allegations or admissions of fact, or of mixed matters of fact and law, in the pleadings. Questions of law, however, are for the court’s determination. See BNE Vehicle Leasing v. Rothman, 1997 Mass. App. Div. 23, 25. Fitzgerald’s admission that a demand letter pursuant to G.L.c. 93A, §9 was sent and received was not binding on the court in its determination of the legal sufficiency of the letter. We conclude that Fitzgerald has not established error in the trial judge’s obvious conclusion that the demand letter was sent and received and that the content satisfied G.L.c. 93A, §9.

 Underlying Mass. R. Civ. P, Rule 8(b), is the simple principle that a defendant’s answer should unmistakably indicate to both the court and the plaintiff precisely which aspects of the complaint are admitted and which are controverted. Generally, the answer must serially respond to each paragraph of the complaint. Only three responses are proper: (1) an admission of the allegations of the paragraph; (2) a denial of those allegations; or (3) a disclaimer of knowledge or information sufficient to form a belief as to the truth of those allegations. The provisions of Rule 15 are available to relieve the defendant of the consequences of any admission subsequently discovered to be incorrect. The strictures of Rule 11 apply to encourage admission of those allegations which defendant knows to be true, even if without such admission, plaintiff would be put to expense or difficulty in proving them, or might even be unable to prove them at all. See Reporter’s Notes to Mass. R. Civ. P, Rule 8(b).
On the other side of the coin, “[i]t is a breach of counsel’s obligation to the court to file an answer creating issues that counsel does not affirmatively believe have a basis.” Reporter’s Notes to Mass. R. Civ. R, Rule 8(b), quoting Arena v. Luckenback Steamship Co., 279 F.2d 186, 188-189 (1st Cir. 1960). Therefore, in the present case, Fitzgerald’s counsel obviously had a good faith basis to admit that the demand letter had been sent and received.

 Fitzgerald has provided only a partial transcript of the jury trial, a record irrelevant in resolving the single demand letter issue on this appeal.

 We also decline to address an issue raised by Fitzgerald in a pretrial memorandum, but not argued in his brief on this appeal — namely, the adequacy of the contents of the Piscatellis’ c. 93A demand letter. It is sufficient to note that the trial judge could have properly found that the letter satisfied more than one of the minimum requirements set forth in Cassano v. Gogos, 20 Mass. App. Ct. 348, 350-351 (1985), and also included an attached detailed eight-page itemization of omitted, defective, or improperly substituted work and products by Fitzgerald.