CHRIS HUGENBERGER & another[1] *vs.* ALPHA MANAGEMENT CORP. No. 12-P-1788. June 28, 2013. *Consumer Protection Act,* Demand letter.

The plaintiffs appeal from a decision of the Appellate Division of the Boston Municipal Court Department (BMC) affirming the trial judge's allowing the defendant's motion for reconsideration and ordering the entry of judgment for the defendant. The trial judge concluded that "the failure to offer the [G. L. c.] 93A demand letter, proof of a required element in the plaintiffs' case, was a fatal mistake." The plaintiffs claim error in this ruling on the ground that they were not required, in the circumstances, to offer the demand letter in evidence and that the failure to do so was not manifestly wrong so as to allow the judge to reconsider his earlier denial of the defendant's motion for a directed finding. As we disagree, we affirm.

The plaintiffs brought a complaint in the BMC, alleging, as here relevant, a claim against the defendant, a residential property management company, under G. L. c. 93A, § 2, for reneging on a promised lease of premises. After a bench trial, the judge ordered judgment to enter in favor of the plaintiffs in the amount of $1,851, which he doubled to $3,702, and awarded attorney's fees of $6,000. The judge also made the finding the "G. L. c. 93A demand letter was not offered as an exhibit by the plaintiff during the trial. A copy of the 93A demand letter was attached as an exhibit to the complaint." Furthermore, the defendant requested a ruling of law that its response to the plaintiffs' demand letter was reasonable. The judge ruled in response: "Requests finding of fact. Defendant's response not in evidence. Denied." The defendant filed a motion for reconsideration of the ruling on its motion for a directed finding, asserting that the plaintiffs' failure to introduce the demand letter in evidence

---

[1]Daisy Gomez.

was fatal to their claim.[2] The plaintiffs opposed the motion, asserting in part that the defendant itself had established receipt of the demand letter in its request for a ruling of law. The judge allowed reconsideration and allowed the defendant's motion for a directed finding in its favor. The Appellate Division agreed, stating: "[b]ecause the demand letter is an element that must be proven at trial, the judge correctly determined that his initial order in favor of the plaintiffs was in error. This was a manifest error of law and in keeping with the standard of review on a motion for reconsideration."

"A demand letter is a condition precedent to commencing an action under G. L. c. 93A, § 9." *Spilios* v. *Cohen*, 38 Mass. App. Ct. 338, 342 (1995). As most recently stated in *Lingis* v. *Waisbren*, 75 Mass. App. Ct. 464, 468 (2009), "Chapter 93A, § 9(3), inserted by St. 1969, c. 690, provides that '[a]t least thirty days prior to the filing of any [action under G. L. c. 93A, § 9], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.' " Of particular import here, the plaintiffs bear the burden of proving "the timely sending of a letter complying with the statutory specifications." *Ibid.*, quoting from *Spilios*, *supra*. See *Entrialgo* v. *Twin City Dodge, Inc.*, 368 Mass. 812, 813 (1975) ("A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved"). It also bears stating that the demand letter itself (and any written tender of settlement in response thereto) would be the best evidence of their contents.[3] See Mass. G. Evid. § 1002 (2013).

The plaintiffs do not dispute that they did not offer the demand letter in evidence. They attempt to excuse that omission on the ground that the defendant not only acknowledged receiving the letter, but also sought a ruling that its response thereto was reasonable. To this end, the plaintiffs suggest that the defendant's own requested findings of fact and rulings of law demonstrate the plaintiffs' satisfaction of the purposes served by the demand letter, i.e., to give notice to the defendant of the plaintiffs' claim, and therefore, in these circumstances, to require the demand letter be offered in evidence is a needless hypertechnicality. This argument, however, overlooks the second of the two purposes served by the demand letter: "to operate as a control on the amount of damages which the complainant can ultimately recover if he proves his case. If the addressee makes a reasonable tender of settlement which is rejected by the complainant, the damages recoverable are limited to the amount of the tender. If the addressee either fails to make a tender of settlement, or makes an unreasonable tender in relation to the injury suffered, a finding for the plaintiff will lead to a recovery in the amount of actual damages or of [twenty-five dollars], whichever is greater. This amount is to be doubled or trebled if the court finds that the addressee's failure to grant relief on demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated § 2. These are matters to be left to allegations and

---

[2]The defendant's answer to the plaintiffs' complaint is not in the record appendix, nor has the trial transcript been reproduced. See Mass.R.A.P. 8, as amended, 430 Mass. 1601 (1999).

[3]We do not intend to discourage stipulations or agreed-upon redactions.

proof at trial." *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 704-705 (1975). See *Casavant* v. *Norwegian Cruise Line Ltd.*, 460 Mass. 500, 505 (2011).[4]

*Decision and order of the Appellate Division affirmed.*

*Jeremy T. Robin* for the plaintiffs.

*Daniel Briansky* for the defendant.

---

[4]We deny the defendant's request for appellate attorney's fees.