Coven, J.
In this appeal, we examine whether in a jury-waived trial, the trial judge, in directing a verdict in favor of the defendants on the plaintiff’s G.L.c. 93A claim after the close of the plaintiff’s evidence, properly concluded that, as a matter of law, there was insufficient proof of service of a demand letter. We determine that there was error and remand this action for further proceedings.
This case involves a Boston Whaler boat owned by plaintiff Alishia P. Leek, brought to defendant Pope’s Landing Marine, Inc. for winter storage and engine installation, and allegedly sold, without authorization, by codefendant Thomas E. Cargill, III, the principal owner of Pope’s Landing Marine, Inc., but returned after this action had been filed. In count 4 of her complaint,[2] the plaintiff alleged the service upon the defendants of a written demand for relief pursuant to G.L.c. 93A §9(3), on July 7, 2012, that the demand letter was served more than thirty days prior to the filing of the complaint, and that, as of the date of the filing of the complaint, August 13,2012, the defendants had failed to respond in writing with a settlement offer. At trial, the plaintiff introduced a response letter to the demand letter. In the response, dated August 10, 2012, and drafted by counsel for the defendants, there is an acknowledgment that the defendants received the plaintiff’s demand letter, dated July 7,2012, on July 11,2012. The plaintiff also testified that on July 10,2012, she received a call from Cargill who, in referring to the plaintiff’s demand for $1,000.00 in attorney’s fees, a demand made in the demand letter itself, told the plaintiff that he would not pay for her legal fees.
At the conclusion of the plaintiff’s presentation of evidence and after a brief recess, the court granted a directed verdict on the plaintiff’s G.L.c. 93A claim. The court commented that G.L.c. 93A required that the plaintiff prove both service and receipt and that the plaintiff failed in her burden. It appears that the trial judge was of the belief that receipt was required to be proved through service by certified mail.[3]
*211 A consumer who brings an action for unfair and deceptive business practices under G.L.c. 93A, §9, is required to allege and prove compliance with the prerequisite to such an action. Piscatelli v. Fitzgerald, 2013 Mass. App. Div. 55, 56. The plaintiff was required to allege and prove the timely sending of a demand letter. Spilios v. Cohen, 38 Mass. App. Ct. 338, 342 (1995). General Laws c. 93A, §9(3), provides that “[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to” the defendants.[4] The statute does not demand proof of service through certified mail; nor is certified mail required by the terms of the statute to prove delivery.[5] Where the Legislature has demanded certified mail, it has declared the requirement. See, e.g., G.L.c. 184, §15 (b) (“A register of deeds or assistant recorder of the land court shall not accept for recording or registration a memorandum [of lis pendens] under this section, unless it contains the endorsement and is accompanied by an affidavit stating that the plaintiff or his attorney has served notice of the allowance thereof by certified mail addressed to all parties to the action.”); G.L.c. 183A, §6(c) (“When any portion of the unit owner’s share of the [condominium] common expenses has been delinquent for at least sixty days subsequent to April 1,1993, the organization of unit owners shall send a notice stating the amount of the delinquency to the unit owner by certified and first class mail.”).
It was error to conclude as a matter of law that the failure of the plaintiff to prove service through certified mailing of the demand letter was fatal to the claim. Even apart from this error, the trial record demonstrates that there was evidence offered through the testimony of the plaintiff that the defendants received the plaintiffs demand letter. The response with this acknowledgment was entered into evidence without any objection, and the plaintiff testified to a conversation with Cargill in which he referred to the plaintiffs demand for $1,000.00 in attorney’s fees. The reasonable inference is that the defendants learned of the demand through reading the demand letter itself.
This case is remanded for further proceedings on the plaintiff’s claim brought pursuant to G.L.c. 93A, §9.

 The plaintiff also filed claims for replevin, breach of bailment, and wrongful conversion. A general finding entered in favor of the plaintiff in the amount of $150.00. The plaintiff has not appealed the general finding.

 In response to the plaintiff’s objection to the directed verdict and assertion that the plaintiff proved both service and receipt of the demand letter, the trial judge stated, ‘Where’s the certified receipt?”

 Contrary to the defendants’ assertions at oral argument, the plaintiff’s complaint was not prematurely filed. The demand letter was mailed prior to the defendants’ acknowledged actual receipt, on July 11, 2012. The docket entries reflect that the complaint was not filed until August 13, 2012. More than thirty days had passed.

 As a practical matter, we observe that the statute is written in the disjunctive, i.e., either the mailing or delivery of the demand letter, and that the mailing of a demand letter by certified mail with return receipt can serve both as proof of mailing and delivery. Town of Andover v. State Fin. Servs., Inc., 432 Mass. 571, 575 (2000) (“Sending notice by certified mail with a return receipt increases the likelihood the letter will reach its intended recipient.”). While mailing alone would appear sufficient, where an intended recipient claims lack of receipt, a plaintiff may run the risk that he or she will fail in the statutorily imposed burden, if a demand letter is mailed simply by first-class mail.