MARY LINGIS, executrix,[1] *vs.* BURTON WAISBREN, JR.

No. 08-P-358.

Suffolk. December 11, 2008. - October 19, 2009.

Present: McHUGH, BROWN, & VUONO, JJ.

*Consumer Protection Act,* Demand letter.

At the trial of a civil complaint charging that the defendant violated G. L. c. 93A, § 9, the plaintiff failed to demonstrate that she had complied with the requirement that she timely send to the defendant a written demand for relief, where a demand letter that had been marked for identification was never introduced in evidence. [467-471]

CIVIL ACTION commenced in the Superior Court Department on June 19, 2001.

A claim under G. L. c. 93A was heard by *D. Lloyd Macdonald,* J.

*Robert A. Stolzberg* for the defendant.

*Robert L. Sheketoff* for the plaintiff.

McHUGH, J. Mary Lingis, who was the executrix of her brother Edward J. Lingis's estate, sued Attorney Burton Waisbren, Jr., claiming legal malpractice and violation of G. L. c. 93A, § 9.[2]

---

[1] Of the estate of Edward J. Lingis.

[2] Chapter 93A, § 9, as amended by St. 1979, c. 406, § 1, provides in material part that:

"Any person, other than a person entitled to bring action under section eleven of this chapter [which involves business disputes], who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder . . . may bring an action in the superior court . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper."

Section 2(*a*) of c. 93A says broadly that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce

A jury returned a verdict for Waisbren on the malpractice claim and the judge found for Lingis on the c. 93A claim, awarding her treble damages and attorney's fees. Waisbren appeals, claiming that the judge erred in (1) considering a demand letter Lingis claims she sent, which was marked for identification but never introduced in evidence; (2) finding a violation of c. 93A; (3) awarding damages to the plaintiff for her individual emotional distress when she had brought suit solely in her representative capacity as executrix of Edward's estate; (4) finding sufficient evidence of emotional distress; and (5) awarding attorney's fees.[3] We agree with the first point and, therefore, reverse.

*Background.* In April, 1997, Edward died from an infection at the University of Massachusetts Medical Center. Lingis hired Waisbren to sue Edward's doctors for medical malpractice. Waisbren, a practicing physician for many years before he began practicing law, accepted the case and told Lingis he believed her claims had merit. In March, 1998, he filed a complaint and hired David Fried, M.D., as an expert to review Edward's records. Dr. Fried concluded that the physicians Waisbren had sued were not negligent, but that five other doctors were. In February, 1999, Waisbren amended the complaint to name those doctors as defendants. The amended complaint alleged that they negligently failed to diagnose and treat Edward's bacterial empyema and attributed his symptoms to depression, causing his death from sepsis.

In May, 2000, a medical malpractice tribunal[4] rejected the claim. On May 20, Waisbren notified Lingis of the unfavorable tribunal result, stating that he believed in her case and hoped she would not give up. At his urging, she posted the $6,000 bond required to proceed.[5] In January, 2001, however, the doc-

---

are hereby declared unlawful." G. L. c. 93A, § 2(a), inserted by St. 1967, c. 813, § 1.

[3]Lingis has taken no cross appeal.

[4]General Laws c. 231, § 60B, inserted by St. 1975, c. 362, § 5, states that medical malpractice actions "shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth . . . and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability. . . ."

[5]"If a finding is made for the defendant the plaintiff may pursue the claim

tors moved for summary judgment, claiming that they were public employees immune from suit by virtue of G. L. c. 258, § 2, the Massachusetts Tort Claims Act, and that Waisbren had failed to file a presentment letter as G. L. c. 258, § 4, requires.

On January 26, Waisbren wrote Lingis to notify her about the motion and public employee defense.[6] In a telephone conversation with Waisbren prior to her receipt of the letter, Lingis expressed doubt about the doctors' defense and surprise that Waisbren had waited so long to tell her of it.

On February 7, without notifying Lingis or obtaining her approval, Waisbren executed a stipulation of dismissal, with prejudice. He notified Lingis of the dismissal in a letter dated February 13, telling her, in material part, that

> "after reviewing your case with my associates and considering both your prospects for a successful jury verdict vis a vis the risk of losing a motion for summary judgment, we have come to the conclusion that it would be best to secure, for you, the return of your $6,000 tribunal bond in return for the dismissal of your case. The defendants have agreed to this."

Lingis was "shocked" by the letter and viewed it as a "bombshell." When she telephoned Waisbren to object, he stated, "It's finished" and hung up, refusing to take further calls from her.

Lingis hired new counsel and unsuccessfully sought to vacate the dismissal. She then sued Waisbren for legal malpractice and

through the usual judicial process only upon filing bond in the amount of six thousand dollars. . . ." G. L. c. 231, § 60B.

[6]In his letter, Waisbren said, among other things, that

> "we have learned that the defendants' position is that pursuant to G. L. c. 258 at the time of the cause of action they were solely public employees. If that defense is valid, they shall be immune from personal liability. Also, their employer at the time of the cause of action has, at maximum, limited liability for the reasons we discussed. If we lose an anticipated motion for summary judgment as to this argument, we may be subject to substantial costs and penalties and we plan to avoid such exposure as I indicated to you. If we deem it necessary to dismiss your case, it would be contingent on the return to you of your tribunal bond with interest. I will keep you posted as to our research and progress in this regard."

violation of G. L. c. 93A. The judge tried both claims together, giving a jury the legal malpractice claim and reserving the c. 93A claim to himself. He provided the jury with a series of special questions, the first of which inquired as to whether the defendant doctors or the hospital were negligent in the medical care provided to Edward. The jury answered that question "no," and, in accordance with the judge's instructions, properly ended their deliberations on the legal malpractice claim. See *Fishman* v. *Brooks*, 396 Mass. 643, 647 (1986).

On the G. L. c. 93A claim, however, the judge ruled for Lingis, finding that Waisbren had engaged in "egregious professional negligence." Among other things, the judge found that his explanation to Lingis regarding his decision to dismiss the action was a lie designed to cover up his failure to send a timely presentment letter. That lie and Waisbren's false assertion that Lingis had consented to the dismissal, the judge found, turned Waisbren's malpractice into a violation of c. 93A, § 9. Finding that the false statement and unauthorized dismissal of the action caused Lingis emotional distress, the judge awarded her $100,000 in damages, trebled that amount, and added attorney's fees and costs of $37,110.72.[7]

*Discussion.* For present purposes, we assume that the complaint can be read to state a claim in Lingis's individual capacity, that she is entitled to recover emotional distress damages for Waisbren's unauthorized dismissal of an action we now know was meritless,[8] and that the evidence was sufficient to support the damage award.[9] Each of those is a very large assumption but,

[7]In his initial findings and conclusions, the judge also stated that Lingis had been damaged in the amount of a $3,500 nonrefundable deposit she had paid Waisbren, who had taken the case on a contingent fee basis, at the outset of his representation. The judgment, however, makes no mention of that sum.

[8]Here, Lingis argues that Waisbren's malpractice and violation of c. 93A consisted in large part of misleading Lingis into believing that she had a viable medical malpractice claim when in fact she did not. That, however, was not the theory on which the case was tried. At trial, Lingis's expert testified that Waisbren had committed malpractice by failing to serve a presentment letter, failing to oppose the doctors' summary judgment motion and dismissing Lingis's complaint without her consent. And, although there was an extensive discussion of the "no viable claim" theory when counsel made their summation to the judge on the c. 93A claim, none of the judge's extensive findings said anything about a contention that Waisbren had misled Lingis into believing that she had a viable claim when she did not.

[9]There was no testimony, expert or other, regarding Lingis's emotional

even with them, the judgment cannot stand because Waisbren is correct in his contention that there was no evidence that a G. L. c. 93A demand letter had been sent before the complaint was filed.

Chapter 93A, § 9(3), inserted by St. 1969, c. 690, provides that "[a]t least thirty days prior to the filing of any [action under G. L. c. 93A, § 9], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." Sending such a letter is a "condition precedent to commencing an action under G. L. c. 93A, § 9." *Spilios* v. *Cohen,* 38 Mass. App. Ct. 338, 342 (1995). Lingis, as plaintiff, had the burden to prove "the timely sending of a letter complying with the statutory specifications." *Ibid.* See *Entrialgo* v. *Twin City Dodge, Inc.,* 368 Mass. 812, 813 (1975) ("A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved"); *York* v. *Sullivan,* 369 Mass. 157, 163 (1975) (under c. 93A, § 9, "a written demand for relief, is a prerequisite to suit, to be alleged and proved"); *Kanamaru* v. *Holyoke Mut. Ins. Co.,* 72 Mass. App. Ct. 396, 407-408 (2008) (c. 93A, § 9, "requires a plaintiff to make a written demand letter asking for reasonable relief thirty days prior to filing a lawsuit. . . . Not only must such a letter be sent, a plaintiff must plead that he has complied with this requirement as a prerequisite to suit").

At trial, when Lingis's attorney offered what he claimed was a demand letter dated May 18, 2001, defense counsel objected. The judge responded, "Well, it will be marked for identification; we'll deal with that later on." Defense counsel then stated, "I'd like to note for the record that that letter was not included in the package that was sent to me on March 14; nor at any other time." In response, the judge asked whether there was "any question that the 93A letter was served on Mr. Waisbren," and defense counsel said there was. That prompted Lingis's

---

distress apart from her statement that the letter from Waisbren informing her that the action had been dismissed was a "bombshell" she had been "shocked" to receive. The judge based his findings as to Lingis's distress on her testimony about her interactions with Waisbren and her courtroom demeanor.

attorney to say "[i]n that case, Judge, may I get a copy of his response; get that in?" The judge reiterated, "We'll deal with that later. It's marked for identification only; that we'll have it before I make any rulings on 93A."

At the close of Lingis's case, Waisbren made a motion for a directed verdict supported by a seven-page memorandum. The first argument in that memorandum was that Lingis had failed to prove that she had sent a demand letter.[10] The judge denied the motion but said he reserved the right to revisit it later. Waisbren renewed his motion at the close of all of the evidence. Again, the judge denied it, and again he said he was reserving his right to revisit his denial later.

Later, after the jury had returned their verdict, both parties appeared before the judge to make what amounted to summations on the G. L. c. 93A claim. Before their appearance, the judge entered a procedural order specifically requesting that the parties submit briefs addressing "[w]hether additional evidence is necessary to take at this juncture that would have been inadmissible at the jury trial." So far as the record shows, counsel for Lingis submitted nothing dealing with the demand letter in response.

At the end of the hearing, the attorney for Waisbren renewed his directed verdict motion again "[b]ased on the materials that [he] previously submitted at the close of the plaintiff's case." The judge denied the motion. The judge then told counsel for Lingis, though, that "[i]f beyond the damage issue you wish to bring anything further to my attention in light of . . . argument [by counsel for Waisbren] today and my comments, please do so" and set a deadline about two weeks thereafter. Despite all of that, counsel for Lingis offered neither the demand letter nor the asserted response.

In *Spilios* v. *Cohen*, 38 Mass. App. Ct. at 342-343, the plaintiff "did not adequately meet her burden so as to avoid entry of summary judgment" when she failed to attach a copy of her demand letter to an affidavit she filed saying she had sent one. Here, no letter is in evidence and nothing in the record save

---

[10]That argument was not buried somewhere in fine print. Instead, it appeared in a separate, distinctly marked section at the top of the document's second page.

counsel's unsupported assertion suggests that a letter was ever sent. Like the plaintiff in *Spilios*, then, Lingis has failed to meet her burden here.

Lingis cites *Goldberg* v. *Northeastern Univ.*, 60 Mass. App. Ct. 707, 711-713 (2004), for the proposition that the judge marked the demand letter for identification simply to segregate it from exhibits intended for the jury. This argument is unpersuasive for two reasons. The first flows from *Goldberg* itself. There, a judge bifurcated a negligence case to separate the question whether a statutory damages cap for charitable organizations protected a university health center. Exhibits bearing solely on that question were marked for identification. On appeal, counsel argued that none were in evidence and that, as a consequence, there was no evidence of the center's charitable status. Rejecting that contention, this court observed that "[d]espite the labeling of the documents [which evidenced the organization's charitable status] as being solely for identification, the context in which these exhibits were discussed and submitted reveals that they were admitted in evidence." *Id.* at 712. The "plaintiffs did not object to, rebut, or otherwise question the submission." *Ibid.*

Here, in contrast, Waisbren made a substantive objection to the demand letter and repeatedly moved for a directed verdict because no letter was in evidence. Waisbren's objection prompted the judge to mark the document for identification and counsel for Lingis never again offered it in evidence.[11] Absent circumstances or an agreement revealing a different approach, as in *Goldberg*, "documents marked for identification are not in evidence." *Commonwealth* v. *O'Neil*, 51 Mass. App. Ct. 170, 177 n.7 (2001). Thus, the demand letter in this case was not in evidence.

Second, on this record, if the judge somehow concluded that the letter was in evidence and considered its content, he erred in doing so because there was no foundation for its admission. No witness testified that the letter had been sent, received, or replied to, and there was no agreement that any of those events had occurred. Absent a foundation of that sort, there was no basis

---

[11]In that regard, counsel for Lingis asked Waisbren no questions about the letter or about his purported response while Waisbren was on the witness stand.

for admitting the letter or considering its content. See generally Mass. G. Evid. § 901(a) (2008-2009).

In sum, Lingis's G. L. c. 93A claim fails because there is no evidence that she complied with G. L. c. 93A, § 9(3). The judgment is vacated, and the case is remanded to the Superior Court for entry of a judgment dismissing the plaintiff's complaint.

*So ordered.*