Dashiell, J.
This is an appeal filed by the plaintiffs, Chris Hugenberger and Daisy Gomez, from a judgment entered in favor of the defendant after a bench trial where the plaintiffs sued the defendant for breach of contract under M.G.L.c. 93A, §9. Specifically, on November 22, 2010, the trial court judge ruled in favor of the plaintiffs, and then, approximately four weeks later, on December 31,2010, after hearing the defendant’s Motion for Reconsideration, reversed his ruling. This reversal overturned the initial judgment for the plaintiffs and rendered judgment in favor of the defendant. Both parties seek attorneys’ fees and costs pursuant to Dist./Mun. Cts. R.AD.A., Rules (25), (26), in relation to this appeal.
This matter arose out of the plaintiffs’ attempt to rent an apartment from the defendant’s agent and/or subsidiary, Alpha Realty, with an agreed upon move-in date of September 1,2009. Between May 29 and July 1 of 2009, the plaintiffs paid the first and last month’s rent as requested by Alpha Realty. On July 9, 2009, the plaintiffs received a call from the defendant informing them that the apartment in question was going to be rented to a third party who would be moving in on July 15,2009. The plaintiffs were offered another unit in the same building but rejected it and looked for another apartment with a different realty agent.[1]
*82 At the trial, the plaintiffs’ attorney never moved to have the 93A demand letter offered into evidence. A copy of the demand letter was attached as an exhibit to the complaint, but that also was not offered or admitted into evidence. At the close of the plaintiffs’ case, the defendant moved for a directed finding based on these facts and the motion was denied. The substantive issue before the Appellate Division is whether the plaintiffs’ failure to offer the demand letter into evidence at trial was a fatal error requiring the trial court judge to reverse his initial ruling and to render judgment in favor of the defendant. The parties’ requests for attorneys’ fees and costs will be addressed below.
The plaintiffs put forth two main arguments. The first is that because the defendant did not deny or raise a question regarding receipt (emphasis added) of the demand letter, plaintiffs’ failure to offer the demand letter into evidence is a harmless procedural error or hyper technicality. The second argument is that the trial court judge did not apply the proper standard in evaluating the defendant’s Motion for Reconsideration.
Chapter 93A, §9(3) provides in part, “At least thirty days prior to the filing of any such action [under G.Lc. 93A, §9], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered shall be mailed or delivered to any prospective respondent.” In Lingis v. Waisbren, 75 Mass. App. Ct. 464 (2009), the Court stated, “A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved,” citing Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975), and York v. Sullivan, 369 Mass. 157, 163 (1975). The plaintiff in the Lingis case sought to have the demand letter admitted into evidence and the defendant objected. The trial court judge decided to address the issue of admissibility at a later point in time and had the demand letter “marked for identification only.” However, although alleged, the demand letter was never actually admitted into evidence, and based on that reason the Court found that the demand letter element was not proven because “documents marked for identification are not in evidence.” See Commonwealth v. O’Neil, 51 Mass. App. Ct. 170, 177 n.7 (2001).
While the Court in Lingis was not concerned with the notice aspect of c. 93A, §9(3), it is well established through that case and others (citations omitted) that the demand letter is an element that must be proven at trial. In this matter, the plaintiffs made no efforts to admit the demand letter into evidence, and their reliance on the fact that they appended a copy of the demand letter to the complaint is misplaced. The complaint with the demand letter attached was not offered as an exhibit to be admitted into evidence and, pursuant to M.G.L.c. 231, §87, “pleadings shall not be evidence on the trial.” Moreover, if this matter had been tried before a jury (in Superior Court), the jury would have been instructed that “[t]he first element the plaintiff must prove... is that [he/she] mailed or delivered an adequate demand letter to the defendant at least thirty days prior to commencing this action.” This further supports the proposition that notice of the demand letter must be proven at trial and not merely acknowledged as being received through the pleadings.[2]
*83 Turning to the standard of review, the plaintiffs correctly point out that a motion for reconsideration is appropriate only under certain circumstances, one of which is when the original decision was based on a manifest error of law (the other two are not relevant in the instant case). United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009), citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). Here, the trial court judge ruled that “the failure to offer the 93A demand letter, proof of a required element in the plaintiffs’ case, was a fatal mistake.” See Ruling on the Motion [for Reconsideration], paragraph 6. Because the demand letter is an element that must be proven at trial, the judge correctly determined that his initial order in favor of the plaintiffs was in error. This was a manifest error of law and in keeping with the standard of review on a motion for reconsideration.
Lastly, the parties’ requests for attorneys’ fees and costs under Dist./Mun. Cts. RAD.A., Rules (25), (26), are denied. Specifically, with respect to Dist./Mun. Cts. RADA, Rule (25), Sanctions, there is no evidence that the plaintiffs-appellants filed a frivolous appeal or acted in bad faith. Therefore, no damages or costs are awarded under either section.
The decision of the trial court judge is upheld. We affirm the judgment in favor of the defendant.

 This requirement may be waived if not raised by the defendant, but in this matter the defendant raised this issue in his Motion for a Required Finding at the close of the plaintiffs’ evidence.