Connors, Thomas A., J.
This is a medical malpractice action brought by Timothy Larkin, individually and as guardian and next Friend of Andrea M. Larkin, and in his capacity as father and next friend of Alexa Larkin (plaintiffs), against Jehane Johnston, M.D. and Dedham Medical Associates, Inc., (DMA or, together with Johnston, defendants). On May 7, 2015, after a trial, a jury returned a verdict for the plaintiffs and awarded damages in the sum of $35.4 million. It was stipulated by the parties that DMA was vicariously liable for Johnston’s conduct and the jury was instructed accordingly.
Before the Court are two related motions by DMA: the first, to amend its pleadings under Mass.R.Civ.P. 15 to include, as an affirmative defense, the $20,000 limit imposed under G.L.c. 231, §85K, on damages recoverable from a charitable corporation for a tort committed in the course of the performance of its charitable purposes (charitable cap): and, the second, to reduce the judgment entered against DMA to $20,000 under the charitable cap.
After a hearing on August 11, 2015, and for the reasons set forth below, both motions are DENIED.[1]
Ruling
DMA’s argument .principally relies upon Mass.RCiv.P. 15(b). Massachusetts Rule of Civil Procedure 15(b) “covers two distinct situations,” J.W. Smith & H.B. Zobel, Rules Practice, §15.6 (2d. ed. 2014), the first of which DMA contends occurred here.[2] In this situation, an issue not raised by the pleadings “shall be treated” as if it had been so raised, when “tried by express or implied consent of the parties.” Mass.RCiv.P. 15(b); see Smith & Zobell, Rules Practice, §15.7 (issue tried by consent treated “in all respects" as though raised by pleadings [emphasis in original]). In such circumstances, “a formal amendment is not required.” Smith & Zobel, Rules Practice, §15.7.
DMA contends that, although it “inadvertently” did not include charitable immunity as an affirmative defense in its Answer to the Complaint the record demonstrates that the issue of its charitable status was tried with the consent of the parties. To support that contention, DMA in part points to two emails its counsel sent plaintiffs’ counsel on the afternoon of April 26, 2015, the day before trial began, and to a third email sent to plaintiffs’ counsel on the afternoon of the first day of trial. In substance, those emails represented efforts by DMA to obtain the plaintiffs’ stipulation as to DMA’s charitable status and limit of liability. There is no dispute that plaintiffs’ counsel did not respond to DMA’s requests and did not sign DMA’s proposed Stipulation. DMA also points to an unfruitful attempt, recounted in a post-trial affidavit as occurring “[o]n one of the mornings during trial, prior to the jury entering the courtroom,” by its counsel to have plaintiffs’ counsel sign the Stipulation. And, finally, DMA points to the fact that a certification issued by the Secretary of the Commonwealth as to DMA’s incorporation under G.L.c. 180 and also a certified copy of DMA’s chapter 180 articles of incorporation were proffered prior to the jury entering the courtroom on the morning of May 7, 2015, the last day of trial, and marked as an exhibit for identification. In connection therewith, DMA cites the portion of the bench conference during which plaintiffs’ counsel stated that he “(did]n’t care if [DMA] submitted] th[ose] documents to the Court” for identification on the record. According to DMA, this constellation of evidence shows that the issue of its status as a charitable corporation was tried by express, or “at least” implied, consent.
*84 As an initial matter, the charitable cap issue was not tried by express consent. “Express consent is easy to see.” Jensen v. Daniels, 57 Mass.App.Ct. 811, 816 (2003). A court may find express consent when a parly has stipulated to the trial of an unpleaded issue or when such issue is listed as an issue set for trial in a pretrial order. See, e.g., 3 J.W. Moore, Moore’s Federal Practice, ¶15.13 (2d ed. 1996). Indisputably, neither occurred here, and DMA does not cite any evidence in the record which demonstrates that the plaintiffs expressly consented to the trial of the charitable cap question. Indeed, the evidence that DMA’s counsel failed to obtain plaintiffs’ counsel’s signature on the proposed Stipulation shows that the plaintiffs, in effect refused to so consent.
Whether parties have consented by implication to the trial of an unpleaded issue “is not an easy matter to determine.” Lynch v. King, 550 F.Sup. 325, 330 (D.Mass.1982). “Because of the nexus between consent and a proceeding’s fundamental fairness, careful examination of the entire record is required before one reaches a conclusion that an issue was tried by implied consent.” Jensen v. Daniels, 57 Mass.App.Ct. at 816. “Moreover, to warrant such a conclusion, the record must, at a minimum, show that the parties knew the evidence bearing on the unpleaded issue was in fact aimed at that issue and not some other issue the case involved.” IcL; accord, The Woodward Sch. for Girls, Inc. v. City of Quincy, 469 Mass. 151, 169 (2014). Generally, the decision whether an issue was tried by consent of the parties is a matter within the sound discretion of the trial court. See Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 399 (2003); C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure §1493 (2015).
Examination of the record here does not reveal that the issue of DMA’s corporate status was tried by implied consent. It is undisputed that neither parly presented the jury any evidence on this issue to try. The only indication of DMA’s status as a charitable corporation was the documentation introduced at the May 7 bench conference that, by agreement of the parties and the Court, did not go to the jury. Those documents were submitted to the Court and marked as an exhibit solely for purposes of identification. See, e.g., Lingis v. Waisbren, 75 Mass.App.Ct. 464, 470 (2009), quoting Commonwealth v. O’Neil, 51 Mass.App.Ct, 170, 177 n.7 (2001) (“Absent circumstances or an agreement revealing a different approach . . . ‘documents marked for identification are not in evidence’ ”); Cf. Goldberg v. Northeastern Univ., 60 Mass.App.Ct. 707, 711-12 (2004) (dicta) (under approach where judge “expressly bifurcated the issue from the rest of the case,” indicating that after the jury’s consideration of the negligence claim itself, “she would decide the [defendant]’s charitable status separately,” documentation of such status that was submitted to judge effectively was admitted in evidence, though marked for identification).
In addition, the circumstances attending DMA’s submission of the certified documents show considerable dispute between the parties regarding DMA’s corporate status. As.reflected in the transcript of another portion of the May 7 bench conference, plaintiffs’ counsel stated, and the Court recognized, that the plaintiffs were reserving their rights to contest the issue of DMA’s status as a not-for-profit corporation. At that time, counsel for the plaintiffs stated expressly, “They didn’t plead charitable immunity.” While the pasties’ arguments ran somewhat at cross purposes, leading to some degree of ambiguity as to the plaintiffs’ precise objection, the record makes plain that the plaintiffs never acquiesced in any effort on DMA’s part to offer in evidence documentation to constitute proof at trial of its charitable status. Cf. Lynch v. King, 550 F.Sup. at 330 n.5, quoting C. Wright and A. Miller, Federal Practice and Procedure §1493, at 462-63 (1971) (when parly “ ‘knowingly acquiesces in the introduction of evidence relating to issues that are beyond the pleadings,’ the extra-pleading issues are treated as if they had been raised in the [pleading]” [emphasis in Lynch)).
“Rule 15(b) is designed to allow the court to adjust the pleadings to reflect the case as it was actually litigated and the issues that were actually developed at trial” (emphasis supplied). State v. Peterson, 104 Wis.2d 616, 629 (1981) (discussing analogous Federal rule); see Monod v. Futura, Inc., 415 F.2d 1170, 1174 (10th Cir. 1969) (‘The purpose of Rule 15(b) is to bring the pleadings in line with issues actually tried and does not permit amendment to include collateral issues which may find incidental support in the record”); see generally Wright & Miller, Federal Practice and Procedure §1493. Such was not the case here, and rule 15(b) consequently does not apply.[3]
Although DMA captions its motion as made pursuant to rule 15(a) as well as 15(b), it provides only passing reference to the former subsection and sets forth no developed argument. In the circumstances presented, the court determines that granting DMA leave under rule 15(a) to amend its pleading to add the charitable cap as a defense would not be appropriate.
Rule 15(a) provides “that a party may amend its pleading by leave of court and that such leave ‘shall be freely given whenjustice so requires.’ ” Sharon v. Newton, 437 Mass. 99, 102 (2002), quoting Mass.R.Civ.P. 15(a). However, The right to amend a [pleading] is not automatic," Terrio v. McDonough, 16 Mass.App.Ct. 163, 167 (1993), and, in deciding a motion under rule 15, “broad discretion remains with the judge.” Cappuccio v. Zoning Board of Appeals of Spencer, 398 Mass. 304, 314 (1986). Reasons that justify denial of a rule 15(a) motion include “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.” Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 290 (1977), quoting Foman v. Davis, 371 U.S. 178, 182 (1962).
*85 In this case, DMA has moved to amend its Answer to add the charitable cap as an affirmative defense after more than four years of litigation and two weeks of trial. DMA has not suggested that this defense was unavailable to it when the Answer was filed in 2011, and, aside from inadvertence, has not given any reason for the delay. The prejudice alleged by the plaintiffs and separately by Johnston at the hearing on this motion is manifest: the trial here is not merely “imminent”; Leonard v. Brimfield, 423 Mass. 152, 157 (1996); Castellucci v. United States Fid. & Guar. Co., 372 Mass, at 292; see Asian Am Civic Ass’n v. Chinese Consol. Benevolent Ass’n of N.E., Inc., 43 Mass.App.Ct. 145, 153 (1997); but in fact has concluded. Such “unexcused delay in seeking to amend is a valid basis for denial of a motion to amend”; see Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991) (delay of more than four years; no reasons given for delay), citing Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621-22 (1989); see also Castellucci v. United States Fid & Guar: Co., 372 Mass, at 292-93, quoting Albee Homes, Inc. v. Lutman, 406 F.2d 11, 14 (3d Cir.1969); and the Court so concludes here.[4], [5]
Given these conclusions, DMA’s companion motion requires only brief discussion. In substance, DMA argues that the documents it submitted to the Court at the May 7 bench conference constituted unrebutted evidence of its charitable status and consequent entitlement to the $20,000 charitable cap on damages under G.L.c. 231, §85K.
The problem with this argument, as just explained, is that DMA’s documentation was not admitted in evidence. Further, the circumstances here are not like those discussed in Goldberg v. Northeastern Univ., supra., cited by DMA, in which the judge effectively accepted the proffered documentation as substantive evidence noting that she was reserving the question of charitable status for her own consideration as part of an express bifurcation from the rest of the trial. Id. at 711-12. As stated, here the documents offered by DMA were marked as an exhibit for identification and, therefore, were “not in evidence,” Lingis v. Waisbren, 75 Mass.App.Ct. at 470.
For a charitable corporation to avail itself of the limitation on damages imposed by G.L.c. 231, §85K, the corporation must plead charitable immunity as an affirmative defense. Keene v. Brigham & Women’s Hosp., Inc., 56 Mass.App.Ct. 10, 24 (2002), aff'd in part and rev'd in part on other grounds, 439 Mass. 223 (2003); see H.J. Alperin, Summary of Basic Law §3:76 (5th ed. 2014). “If the charitable corporation proves the defense, then the judge shall reduce any award of damages in excess of $20,000 to that amount.” Id See also Goldberg v. Northeastern Univ., supra, at 711 (‘The burden is on the organization to prove that it is charitable and that the tort was committed during an activity in direct furtherance of the organization’s charitable purposes”).
Here, DMA neither pled charitable immunity as an affirmative defense, nor introduced evidence at trial appropriate to meet its burden to prove that defense. The award of damages is, accordingly, not subject to reduction under section 85K, contrary to what DMA argues in its companion motion.
Order
For the foregoing reasons, it is hereby ORDERED that: (1) the Motion of Defendant, Dedham Medical Associates, Inc., to Amend the Pleadings to Conform to the Evidence Pursuant to Mass.RCiv.P. 15(a) and 15(b) be DENIED, and (2) the Motion of Defendant, Dedham Medical Associates, Inc., to Reduce Judgment Entry in Accordance with G.L.c. 231, §85K, be DENIED.

 The plaintiffs and Johnston have each filed an opposition to both of DMA’s motions. Johnston has expressly adopted and incorporated by reference the arguments raised by the plaintiffs. For ease of exposition, the Court refers to the opposition arguments as made by the plaintiffs.

 The second part of Rule 15(b) deals with objections to evidence at the trial on the ground that it is not within the pleadings.” J.W. Smith & H.B. Zobel, Rules Practice, §15.8 (2d. ed. 2014).

 DMA’s reliance on Boorstein v. City of Boston, 28 Mass.App.Ct. 313 (1990), as supportive of its argument of implied consent is misplaced. In that case, unlike here, one of the defendants had affirmatively pled the defense at issue, thereby alerting the plaintiffs, “prior to trial, that evidence pertaining to the defense would be forthcoming,” and both defendants introduced evidence on that issue. Id. at 319. Also, contrary to DMA’s contention, the absence of objection by the plaintiffs in that case to the evidence introduced at trial, see id., is not similar to the absence of objection by the plaintiffs here to having the documentation marked as an exhibit solely for identification purposes.

 Indeed, as the plaintiffs noted at the hearing on this motion, their motion to amend the complaint before trial had been denied by the Court in its ruling of September 9, 2014 as “com[ing] far too late.” The defendants had argued, as bases for denial, “undue delay in filing an untimely motion and prejudice . . .” Defendants’ Motion in Opposition to Plaintiffs Motion to Amend.

 In its opposition to DMA’s motion, the plaintiffs cite materials received from DMA in pre-trial discovery which allude to the DMA entity having been organized as a for-profit professional corporation under G.L.c. 156A. It is DMA’s position that in a prior incarnation it was a for-profit Massachusetts business corporation, but that prior to the dates relevant to this lawsuit, a new entity of the same name came into existence as a result of that for-profit’s merger into a Delaware corporation, which then merged into a Massachusetts c. 180 non-profit corporation. Defendant’s Reply Memorandum, Affidavit of Scott R. Perman, M.D. Appendix 2, ¶5. The plaintiffs point out that issues relating to this transformation were not further addressed in pre-trial discovery, with DMA not asserting an affirmative defense under c. 231, ¶851£ in its answer to their complaint.