SUPERIOR COURT 
 
 STEVEN B. DEUTSCH AND JOYCE I. GREENBERG v. PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE

 
 Docket:
 2284CV00879-BLS2
 
 
 Dates:
 April 16, 2025
 
 
 Present:
 Kenneth W. Salinger Justice of the Superior Court
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ON PLAINTIFFS’ MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
 
 

 This lawsuit concerns insurance claims by Steven Deutsch and Joyce Greenberg arising from the destruction by fire of their large, historic residential property in Great Barrington, Massachusetts, and all personal property that was inside. The insurance policy was issued by Privilege Underwriters Reciprocal Exchange (“PURE”). The current complaint asserts claims under G.L. c. 93A alleging bad faith settlement practices in violation of G.L. c. 176D, for breach of contract, and for declaratory and injunctive relief.
Deutsch and Greenberg now seek leave to further amend their complaint by (I) expanding their c. 93A and contract claims to encompass PURE’s more recent reservation of a purported right to claw-back the $11.5 million reference award and its assertion of new affirmative defenses, and (ii) adding a new claim for intentional infliction of emotional distress. PURE contends that Plaintiffs waited too long to seek this further amendment and that, in any case, the proposed revised or new claims would be futile. The Court allow the motion in part to the extent that it seeks to revise the existing claims but deny the motion in part to the extent that it seeks to add a new claim for intentional infliction of emotional distress.
1. No Undue Delay. PURE contends that Plaintiffs could have and therefore should have sought leave to make these newly proposed amendments to their complaint far earlier. This criticism provides no basis for denying leave to amend because PURE has not shown that it will be unfairly prejudiced if Plaintiffs are allowed to file their proposed second amended complaint.
“[D]elay alone is generally not sufficient reason to deny a motion to amend.” Vakil v. Vakil, 450 Mass. 411, 419 (2008). Only delay that causes unfair prejudice to the non-moving party is grounds for denying leave to assert a new claim or counterclaim. Id. at 419–420 ((reversing denial of motion to amend answer because delay did not cause unfair prejudice).
 
                                                            -1-
 
2. Revised Chapter 93A and Contract Claims. PURE contends that Plaintiffs’ proposed amendments to their existing c. 93A and breach of contract claims would be futile, and that the motion to amend should be denied for this reason.[1] The Court is not persuaded.
2.1. Demand Letter. PURE’s argument that Deutsch and Greenberg may not amend their c. 93A claims to reflect more recent events without first submitting a new demand letter is without merit.
Sending a written demand that satisfies the requirements of G.L. c. 93A, § 9(3), is generally required before a plaintiff may bring suit under § 9. See Lingis v. Waisbren, 75 Mass. App. Ct. 464, 468 (2009).[2]
It is undisputed that Plaintiffs sent such a demand letter to PURE before filing this lawsuit. Since that letter put PURE on notice that it was facing claims it had engaged in unfair claims settlement practices that violate c. 93A, Plaintiffs were not required to deliver an additional demand letter before seeking to further amend their complaint to allege that more recent conduct by PURE also constitutes unfair settlement practices. See Simmons v. Halstrom Law Offices, P.C.,  No.  20-P-576,  2021  WL  3744925,  at  *7  (Mass. App.  Ct. Aug.  25, 2021)
(unpublished Rule 23.0 decision) (no need for second demand letter before amending complaint); Bermudez v. Liberty Mutual Ins. Co., No. 18-P-1279, 2019 WL 6112351, at *2 (Mass. App. Ct. Nov. 18, 2019) (unpublished Rule 1:28 decision) (no need for second demand letter before presenting evidence at trial
 
--------------------------------------------
 
[1] “Courts are not required to grant motions to amend prior complaints where  ‘the proposed amendment ... is futile.’ ” Johnston v. Box, 453 Mass. 569, 583 (2009), quoting All Seasons Servs., Inc. v. Commissioner of Health & Hosps. of Boston, 416 Mass. 269, 272 (1993)). A proposed amendment would be futile if the new claims could not a survive motion to dismiss. Mancuso v. Kinchla,     60 Mass. App. Ct. 558, 572 (2004)  (affirming  denial  of  motion  to  amend). To survive a motion to dismiss under Mass. R. Civ. P. 12(b)(6), a complaint must make factual allegations that, if true, would “plausibly suggest … an entitlement to relief.” Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
[2] No demand letter is required if the defendant either does not maintain a place of business in Massachusetts or does not keep assets here. See G.L. c. 93A, § 9, para. (3); Moronta v. Nationstar Mortgage, LLC, 476 Mass. 1013, 1014 (2016) (rescript).
 
                                                            -2-
 
that more recent conduct constituted further unfair claims settlement practices in violation of c. 93A). As a panel of the Appeals Court has explained:
The purpose of the pre-suit demand letter is two-fold: first to encourage negotiation and settlement, second to operate as a control on damages that may ultimately be recovered. [Defendant] has not shown that either of these purposes is frustrated where, as here, it had an opportunity to respond to the initial pre-suit demand letter and choose not to seek to resolve the claim by way of settlement.
Simmons, supra (citation omitted). See also Reddish v. Bowen, 66 Mass. App. Ct. 621, 631 n.19 (2006) (amendment of c. 93A claim on fourth day of trial without further demand letter did not deprive defendant of opportunity to frame reasonable settlement response to claim as finally worded).
By analogy, although filing a claim with the Massachusetts Commission Against Discrimination is a statutory prerequisite to pursuing a civil action for an alleged violation of the Massachusetts anti-discrimination statute (see G.L. c. 151B, § 9), a plaintiff who files a sex discrimination claim with the MCAD and then removes it to the Superior Court may amend her complaint to add a new claim of unlawful retaliation, based on events that occurred after she commenced her civil action in court, without first returning to the MCAD to assert the new retaliation claim in that forum. See Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 388 n.19 (2005).
Much the same is true here. Having served a demand letter and then brought suit in the Superior Court, Plaintiffs were not required to return to the pre-suit demand letter stage before seeking leave to amend their c. 93A claims.
2.2. Substantive Futility. PURE’s further argument that the revised c. 93A and contract claims would be futile because “[a]n insurer is permitted to reserve its rights to seek reimbursement for amounts paid” is also without merit.
“Liability under G. L. c. 176D and c. 93A based on unfair claim settlement practices is generally characterized by ‘[a]n absence of good faith and the presence of extortionate tactics.’ ” Caira v. Zurich Am. Ins. Co., 91 Mass. App. Ct. 374, 381 (2017), quoting Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339, 344 (1994).
Plaintiffs contend, and seek to add factual allegations plausibly suggesting, that PURE has asserted new legal positions in bad faith, without any reasonable basis, and in an attempt to pressure or coerce Plaintiffs into giving up part of
 
                                                            -3-
 
their contractual rights under the policy. Viewed in the late most favorable to the Plaintiffs, the proposed additional allegations plausibly suggest that PURE may have violated G.L. c. 176D and therefore be liable under G.L. c. 93A. Cf. Rawan v. Continental Casualty Co., 483 Mass. 654, 673–674 (2019)
3. Emotional Distress Claim. The Court will deny Plaintiffs’ request to add a new claim for intentional infliction of emotional distress because that claim could not survive a motion to dismiss and therefore would be futile. Cf. Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 572 (2004) (affirming denial of motion to amend).
To make out this claim, Plaintiffs must allege facts plausibly suggesting that PURE either “intended to inflict emotional distress” or recklessly caused such distress by doing or failing to do something when it “knew or should have known that emotional distress was a likely consequence of [their conduct].” Nancy P. v. D’Amato, 401 Mass. 516, 520 (1988).
In addition, Deutsch and Greenberg must allege facts plausibly suggesting that PURE engaged in misconduct that was “so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.” Foley v. Polaroid, 400 Mass. 82, 99 (1987), quoting Restatement (Second) of Torts § 46, commend d (1965). “What is required is ‘a high order of reckless ruthlessness or deliberate malevolence” resulting in “profoundly shocking conduct.’ ” Okoli v. Okoli, 81 Mass. App. Ct. 381, 389, review denied, 463 Mass. 1111 (2012) (affirming dismissal), quoting Conway v. Smerling, 37 Mass. App. Ct. 1, 8 (1994). Other upsetting behavior—including “insults, indignities, threats, annoyances, [or] oppressions”—cannot give rise to liability for intentional infliction of emotional distress, even if the behavior was undertaken on purpose and intended to be upsetting. Foley, 400 Mass. at 99.
Deutsch and Greenberg seek leave to allege, in substance, that PURE caused them to suffer emotional distress by repeatedly trying to avoid or delay having to pay what it owed under the policy, and to reduce or claw-back any payment that it did make. The proposed second amended complaint would allege that “PURE’s conduct in pursuing a profit motive over the rights and well-being of its Insureds has been extreme and outrageous[.]”
Plaintiffs have not stated a viable claim for intentional infliction of emotional distress because the facts alleged do not rise to the level of extreme, outrageous,
                                                            -4-
 
and profoundly shocking conduct. See Garrity v. Garrity, 399 Mass. 367, 369- 370 (1987) (allegations that defendant diverted funds from closely held corporation and refused to pay plaintiff agreed-upon retainer); Padmanabhan v. City of Cambridge, 99 Mass. App. Ct. 332, 342–343 (2021) (claim that hospital falsely alleged to Board of Registration in Medicine and National Practitioners Data Bank that neurologist engaged in wrongdoing); Giuffrida v. High Country Investor, Inc., 73 Mass. App. Ct. 225, 236 (2008), rev. denied, 453 Mass. 1103 (2009) (allegation of deliberate breach of contract as negotiating tactic during business dispute); Kurker v. Hill, 44 Mass. App. Ct. 184, 193-194 (1998) (allegations that defendant forced plaintiff out of family business and terminated his employment).
This claim would therefore be futile because Plaintiffs’ factual “allegations cannot support a finding that [Defendant’s] conduct was extreme and outrageous as a matter of law.” See Okoli, 81 Mass. App. Ct. at 389 (affirming dismissal).
In their reply memorandum, Plaintiffs argue that they are entitled to seek emotional distress damages if they succeed on their claims under G.L. c. 93A, § 9. That may be. See Mac's Homeowners Ass'n v. Gebo, 92 Mass. App. Ct. 453, 460 (2017) (“severe emotional distress or invasion of a legally protected interest can constitute an ‘injury’ under § 9 ‘even if the consumer lost no “money” or “property” ’ ”) (quoting Hershenow v. Enterprise Rent–A–Car Co. of Boston,  Inc., 445 Mass. 790, 798–800 (2006)). When the Supreme Judicial Court first recognized that the 1979 amendment of § 9 opened the door to emotional distress damages, it observed that plaintiffs “alleging the intentional infliction of emotional distress in c. 93A actions … still must carry the difficult burden of proof applicable to all intentional infliction of emotional distress claims.” Haddad v. Gonzalez, 410 Mass. 855, 869 (1991). But Haddad did not hold and nothing in the statutory language suggests that emotional distress damages are recoverable under c. 93A only where the elements of intentional infliction have also been established. See Nightingale v. National Grid USA Service Co., Inc., 107 F.4th 1, 6–7 (1st Cir. 2024); accord Wilson v. Transworld Sys., Inc., No. 13-P-1455, 2014 WL r187523, at *3 n.4 (Mass. App. Ct. Aug. 26, 2014) (unpublished Rule 1:28 decision) (Hershenow and other more recent cases “suggest a more permissive approach to injury for purposes of c. 93A”).
But Plaintiffs’ reliance on case law regarding recovery of emotional distress damages under c. 93Ais misplace. Whether and to what extent Deutsch and
 
                                                            -5-
 
Greenberg may be able to seek emotional distress damages under their c. 93A claims has no bearing on whether the factual allegations in their proposed second amended complaint plausibly suggest that they will also be entitled to recover on a separate claim for intentional infliction of emotional distress.
ORDER
Plaintiffs’ motion for leave to file a second amended complaint is allowed in part to the extent that it seeks leave to add new factual allegations in support of existing claims under G.L. c. 93A and for breach of contract, and is denied in part to the extent that it seeks leave to add a new claim for intentional infliction of emotional distress. Plaintiffs shall serve and file a revised second amended complaint consistent with this order by May 2, 2025.